1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10   BOGDAN LENDEL,                         CASE NO. 22-1185

11                        Plaintiff,        ORDER GRANTING PLAINTIFF'S
                                            MOTION TO COMPEL
12          v.

13   STILLWATER INSURANCE
     COMPANY,
14
                         Defendant.
15

16

17          This matter is before the Court on Plaintiff's Amended Motion to Compel ("Motion"

18   (Dkt. No. 19)). Having reviewed the Motion, Defendant's Response (Dkt. No. 21), the Reply

19   (Dkt. No. 24), and all supporting material and declarations, the Court GRANTS Plaintiff's

20   Motion.

21                                     **BACKGROUND**

22          This case arises out of a water damage claim that occurred in Plaintiff Bogdan Lendel's

23   rental property. (Motion at 2.) Lendel evicted his tenant a week before the water damage

24   occurred. (Id.) Lendel alleges that his tenant took the washing machine and dryer from the rental

1  property and left the water spigots open. (Id.) When Lendel paid the utility company to restore

2  water to the house, the house flooded. (Id.) Lendel notified his insurance company; Defendant

3  Stillwater Insurance Company ("Stillwater") of the loss and Stillwater opened a claim. (Id. at 3.)

4  As part of its investigation, Stillwater contacted the former tenant who claims that he was not

5  evicted, but rather broke the lease do to unlivable conditions. (Id. at 4.)

6          Following this conversation, Stillwater referred the matter to its fraud department and

7  decided to retain an attorney, Eric Neal, to assist with the claim. (Id.) Neal reviewed the claim

8  file, conducted an examination under oath ("EUO") of Lendel, and drafted the denial of coverage

9  letter that was ultimately issued by Stillwater. (Id. at 4-6.) Once Lendel commenced litigation,

10 Stillwater hired Neal to defend the claim. (Id. at 6.) Through discovery, Stillwater turned over

11 the claim file assigned to Lendel's claim, which contains several redactions, and produced a

12 privilege log of many documents that have either been redacted or withheld and cite attorney-

13 client privilege or work product. All of the documents containing redactions from the claim file

14 and the privilege log occurred before Lendel filed his complaint in this case, with the exception

15 of one entry on the claim file that occurred on the day the complaint was filed. (See Declaration

16 of Umar Gebril. Exs. 1, 14 (Dkt. No. 20).) Lendel now brings a Motion to Compel and argues

17 that Stillwater improperly redacted and withheld claim documents, and refuses to answer any

18 questions via deposition regarding Neal's involvement in the case citing attorney-client privilege

19 and work-product. Lendel asks the Court to order Stillwater to produce its claim file, without

20 redactions, along with all related communications with Neal. (Motion at 8.) Lendel further asks

21 the Court to overrule Stillwater's objections into inquiries about communications with Neal to

22 ensure upcoming depositions are completed without obstruction. (Id.)

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**ANALYSIS**

**A.      Parties' Requirement to Meet and Confer**

As an initial matter, Stillwater argues that Lendel failed to meet and confer prior to filing the Motion to Compel as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37(a)(1). Fed. R. Civ. P. 37(a)(1) states that after putting the other parties on notice, a party may move for an order compelling disclosure or discovery. Both parties acknowledge that they met and conferred several times regarding Neal and his deposition. Lendel's attorney attached a declaration to the Motion that certifies the parties met and conferred as required by both Fed. R. Civ. P. 37(a)(1) and LR 37(a)(1). (Gebril Decl. at ¶¶ 3-5) Additionally, Exhibits 13, 15, and 16 attached to the Gebril Declaration are emails to and between the parties discussing the discovery at issue in this Motion. The Court finds Stillwater was properly on notice as to the issues in dispute and Lendel met and conferred as required under the Federal Rules and Local Rules.

**B.      The Attorney-Client Privilege and the Work Product Doctrine**

Stillwater withholds or redacts documents related to Neal under claims of the attorney-client privilege and the work product doctrine. (Motion at 6; Response at 8; Gebril Decl, Exs. 1, 14.) Stillwater also asserts that certain topics Lendel intends to depose Neal about documents protected by work-product doctrine. (Gebril Decl. Ex. 16.)

"The attorney-client privilege has been recognized as the oldest of the privileges for confidential communications known to the common law." Gomez v. Vernon, 255 F.3d 1118, 1131 (9th Cir. 2001) (internal quotation and citation omitted). "Practicing attorneys recognize the importance of the privilege and the safe harbor that it provides to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest

1  in the observance of law and administration of justice." <u>Id.</u> (internal citation and quotation

2  omitted).

3         Work product protection applies to "documents and tangible things prepared in

4  anticipation of litigation or for trial" by or on behalf of a party. Fed.R.Civ.P. 26(b)(3). Under the

5  Federal Rule of Civil Procedure 26(b)(3)(A)(ii), a product can obtain discovery of work product

6  only on a showing of "substantial need" and an inability to obtain equivalent information from

7  other sources. The Court considers attorney-client privilege in the first party bad faith insurance

8  cases pursuant to <u>Cedell v. Farmers Ins. Co. of Washington</u>, 176 Wn.2d 686 (2013), while the

9  work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3) and applicable

10 federal case law. <u>MKB Constructors v. Am. Zurich Ins. Co.</u>, No. C13-0611-JLR, 2014 WL

11 2526901, at *3-4 (W.D. Wash. May 27, 2014).

12        1.    **Attorney-Client Privilege under Cedell**

13        Under Washington State law, "[a] first party bad faith claim arises from the fact that the

14 insurer has a quasi-fiduciary duty to act in good faith toward its insured." <u>Cedell</u>, 176 Wn.2d at

15 698. (internal citation omitted). "The insured needs access to the insurer's file maintained for the

16 insured in order to discover facts to support a claim of bad faith." <u>Id.</u> And "it is a well-

17 established principle in bad faith actions brought by an insured against an insurer under the terms

18 of an insurance contract that communications between the insurer and the attorney are not

19 privileged with respect to the insured." <u>Barry v. USAA</u>, 98 Wash.App. 199, 204 (1999).

20        In first-party bad faith insurance suits, courts "start from the presumption that there is no

21 attorney-client privilege relevant between the insured and the insurer in the claims adjusting

22 process." <u>Cedell</u>, 176 Wn.2d at 698-99. An insurer "may overcome the presumption of

23 discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of

24

investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability. . .” Id. at 699. If the presumption is overcome, an insured may still pierce attorney-client privilege by showing “a reasonable person would have a reasonable belief that an act of bad faith has occurred.” Id. at 700.

Here, Stillwater has failed to overcome the presumption that there is no attorney-client privilege. In its response brief, Stillwater argues that Cedell is applicable to attorney-client privilege, that Lendel's remedy of production is improper under Cedell, which the Court addresses in the next paragraph, and that Lendel has not established a claim of bad faith that would pierce the attorney-client privilege. Given that the facts suggest that Neal assisted in evaluating Lendel's claim, conducted his EUO, and drafted the denial letter, it is clear that Neal engaged in the type of quasi-fiduciary duties that are not protected under attorney-client privilege. Stillwater does not argue and provides no evidence to suggest otherwise.

Turning to Stillwater's argument that Cedell requires the Court to conduct an in camera review rather than order production, the Court finds Stillwater is incorrect. Under the Erie doctrine, the Washington Supreme Court directions as to proper procedure for handling discovery issues is inapplicable in federal court. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79, 92 (1939) (“Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state” and while “[t]he lines between procedural and substantive law is hazy . . . no one doubts federal power over procedure.”); see also, MKB, 2014 WL 2526901 at *6 (“Federal Rule of Evidence 501 requires this court to apply state law concerning the attorney-client privilege, however, federal law prescribes the manner in which the court must conduct its inquiry to determine the existence of the privilege.”) (internal citation and quotation omitted).

1    The Court finds Stillwater has not met its burden to demonstrate attorney-client privilege

2    applies and that production is an appropriate remedy.

3         2.    **Work Product Doctrine**

4    Pursuant to the work product doctrine, a party may not ordinarily discover documents

5    prepared in anticipation of litigation unless the party shows "substantial need" for the materials

6    and the inability to obtain the equivalent by other means. Fed.R.Civ.P. 26(b)(3)(A)(ii). To obtain

7    opinion work product, consisting of the "mental impressions, conclusions, opinions, or legal

8    theories of a party's attorney or other representative concerning the litigation[,]" Fed. R. Civ. B.

9    26(b)(3)(B), an insured in a bad faith insurance action must make a showing beyond a substantial

10   need, and demonstrate that the "mental impressions are at issue and  their need for the material is

11   compelling." Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992).

12   The work product doctrine only applies to documents prepared in anticipation of litigation. This

13   means that if a document would have been created in substantially similar form in the normal

14   course of business, the fact that litigation is possible will not protect it from discovery. In re

15   Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.), 357 F.3d 900, 908 (9th Cir. 2004).

16   Again, Stillwater has failed to show that the documents it has redacted or withheld and

17   would instruct Neal not to answer in a deposition is covered under the work-product doctrine.

18   Stillwater makes no effort to persuade the Court that the work done by Neal to evaluate Lendel's

19   claim was in anticipation of litigation, and the Court wonders whether a credible argument could

20   even be made. Regardless, absent an argument, the Court finds Stillwater has failed to satisfy its

21   burden that the work-product doctrine shields the documents and Neal's deposition. The Court

22   GRANTS Plaintiff's Motion and finds production to be appropriate.

23

24

1

**C.      Plaintiff's Original Motion**

2          As a final argument, Stillwater argues that Lendel violated Federal Rule 26(b)(5)(B)

3   when he filed his initial motion to compel and attached an exhibit that Stillwater had

4   inadvertently disclosed. (Response at 13.)

5          Federal Rule of Civil Procedure 26(b)(5)(B) states that:

6          "If information produced in discovery is subject to a claim of privilege or of
           protection as trial-preparation material, the party making the claim may notify any
7          party . . . [the] party must promptly return, sequester or destroy the specified
           information and any copies of it [and] must not use or disclose the information
8          until the claim is resolved."

9          Here, Stillwater alleges that it alerted Lendel to the inadvertent disclosure and hours later

10  Lendel filed his original motion to compel. Stillwater relies heavily on Piasa Com. Interiors, Inc.

11  v. J.P. Murray Co., No. CIV. 07-617 DRH, 2010 WL 1241563 (S.D. Ill. Mar. 23, 2010), a

12  district court opinion from the Southern District of Illinois in support of its argument. However,

13  in Piasa, the defendant inadvertently disclosed a privileged document and later informed plaintiff

14  of that mistake. 2010 WL 1241563 at *1. Defendant provided two additional written notices and

15  demanded plaintiff return all copies of the document. Id. Rather than return the document,

16  plaintiff referenced the document in its summary judgment briefs. Id. The Court found plaintiff

17  blatantly disregarded the requirements of Rule 26(b)(5)(B) and barred plaintiff from any further

18  use of the document. Id. at *2.

19         The Court finds that facts in Piasa are distinguishable from those here. Lendel filed his

20  initial motion to compel after learning about the inadvertent disclosure and attached the

21  document as an exhibit, rather than return, sequester or destroy the document. However, Lendel

22  also refiled the current Motion without the exhibit within three business days and does not cite to

23  or rely on the document. As such, Lendel took corrective action with relative promptness.

24

1  Additionally, the scope of the current motion is to determine whether the document, among

2  others, is privileged or subject to the work-product doctrine. The Court does not currently believe

3  the documents in dispute are subject to such protection.

4  <center>**CONCLUSION**</center>

5      The Court finds that Stillwater has failed to demonstrate any of the documents are subject

6  to attorney-client privilege or the work-product doctrine. The Court therefore GRANTS

7  Plaintiff's Motion to Compel and ORDERS Stillwater to produce an unredacted claim file and

8  any withheld documents relating to communications between Stillwater and Neal, and Neal's

9  evaluation of Lendel's claim up to the date where Stillwater retained Neal as legal counsel to

10 respond to the Complaint. The Court ORDERS Stillwater to produce the documents within 10

11 days of this Order. Should Plaintiff wish, he may retake the depositions of the individuals where

12 he was barred from asking questions about Neal, all the costs of these depositions will be borne

13 by Stillwater.

14     The clerk is ordered to provide copies of this order to all counsel.

15     Dated May 17, 2023.

16

17 Marsha J. Pechman
   United States Senior District Judge